UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.            No. CR 23-1224-DHU

PATRIC HYLER-WILLIAMS and
LEO BERRY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
ON UNITED STATES' MOTION TO RECONSIDER SUPPRESSION**

**THIS MATTER** is before the Court on the United States' Opposed Motion for Reconsideration ("Motion"). *See* Doc. 122. Defendants filed their responses. *See* Docs. 127, 128. Having reviewed the parties' pleadings, arguments, and the applicable law, this Court **DENIES** the United States' Motion.

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citations omitted). "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Grounds that warrant granting a motion to reconsider "include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id.* The term manifest injustice "is commonly defined as [a] direct, obvious, and observable error in a trial court[.]" *Tri-State Truck Ins., Ltd. v. First Nat. Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (citation and

quotation marks omitted). "Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being indisputable.'" *Id*. (quoting *Shirlington Limousine & Transp., Inc. v. United States,* 78 Fed. Cl. 27, 31 (2007)).

Here, the United States asks the Court to reconsider its June 10, 2025 Memorandum Opinion and Order suppressing the drug evidence in this case. *See* Doc. 122 at 1. Specifically, the Government argues:

> there has been no intervening law, and the facts of the traffic stop have not changed. Rather, it appears that the Court has based its decision on its analysis of topics not presented by either party at the suppression hearing, or about which Officer Jackson was never asked to comment or answer.

*Id.* at 2. Thus, the Government appears to argue for reconsideration based on the need to correct clear error or prevent manifest injustice. *Id.* The Government also argues that if "the Court finds itself unwilling to revisit its ultimate conclusion on suppression, it should still reconsider its determination that Officer Jackson was not credible." *Id.*

The Court has carefully considered the United States' Motion but finds that neither the law nor the Government's arguments in support of its Motion warrant reconsideration in this case. The Government does not argue that there has been an intervening change in the controlling law or that there is new evidence previously unavailable to the parties. Regarding the question of clear error or manifest injustice, none of the arguments offered by the Government persuade the Court that it committed clear error nor that it must change its decision in order to prevent manifest injustice. For instance, the Court finds the Government's request to reconsider its credibility findings regarding the primary officer in this matter inappropriate and outside the bounds of a permissible basis for granting reconsideration, as the Court's role here is solely to consider the legal questions

governing suppression. The Government's remaining arguments are likewise without merit at this stage of the proceedings.

**IT IS THEREFORE ORDERED** that the United States' Motion to Reconsider Suppression (Doc. 122) is **DENIED.**

**IT IS SO ORDERED.**

_____
DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE